**Jian–Long LIU, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–73414.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 11, 2005.

Charles J. Kinnunen, Esq, Hagatna, GU, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Hagatna, GU, Donald A. Couvillon, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM \*\*\*

Jian–Long Liu, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA adopted the IJ's decision

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and also gave reasons of its own, we review both decisions. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We review for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and deny the petition for review.

■ Substantial evidence supports the agency's adverse credibility determination because Liu testified that his wife was forcibly taken by the government authorities to be sterilized, but Liu failed to mention the alleged tubal ligation in either of his asylum applications or in the accompanying addenda. Liu explained that he did not discuss the tubal ligation in his application materials because "[e]verybody know[s] that the Chinese government has this family planning policy." The agency was "not unreasonable in considering that, if truthful, [Liu] would have thought to mention his most serious allegation of mistreatment when he detailed the persecution he and his family allegedly endured." *Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir.2004). Without credible testimony, the record lacks evidence to support a determination that Liu suffered past persecution or that he has a well-founded fear of future persecution. *See Mejia–Paiz v. INS*, 111 F.3d 720, 724 (9th Cir.1997).

Because Liu failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

■ Liu, represented by counsel, made no argument in his opening brief regarding his claim for relief under CAT. Therefore, he has waived his right to challenge the IJ's denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

(9th Cir.1996) (issues raised in a brief which are not supported by argument are deemed abandoned).

PETITION FOR REVIEW DENIED.